# Roswell D. Denison v. Sidney B. Smith.

*Superior court of Grand Rapids: Special and limited jurisdiction.* The superior court of Grand Rapids is a court of special and limited jurisdiction as to persons, and its jurisdiction, therefore, must be shown, and cannot be presumed.

*Municipal courts: Process.* A municipal court created for a city would be an anomaly if it could send its process abroad for general purposes.

*Joint defendants: Process: Service beyond the county: Superior court of Grand Rapids.* Under the statute (*Comp. L.* § *5748*), providing in the case of joint debtors for service of process of the circuit courts out of the county where one is served within it, an absent defendant cannot lawfully be pursued until service has been made and proved on some one of the joint defendants within the jurisdiction; this is a condition precedent; and the state of the record itself at the time of such foreign service must disclose a compliance with this condition. And the legal rules applying to service in such cases is expressly adopted as governing service beyond the city of the process of the superior court of Grand Rapids.

*Judgment: Default: Jurisdiction of the person.* A court cannot lawfully render judgment against a party who has not appeared, without some evidence of jurisdiction; and the statute (*Comp. L.*, §§ *5724, 5732*) only allows a default on proof of service.

*Amendments: Service of process: Return: Jurisdictional defects.* The statute of amendments (*Comp. L.*, § *6051*) saving judgments by default as against any "imperfect or insufficient return," cannot go beyond formal defects, or those by which "neither party shall have been prejudiced," and does not reach defects in jurisdictional showing.

*Superior court of Grand Rapids: Service of process.* The phrase in the statute organizing the superior court of Grand Rapids, as to service made on a defendant "*in Kent county,*" means outside the city of Grand Rapids; and a return showing only such service is equivalent to "not found" in the jurisdiction; and after such a return a co-defendant out of the jurisdiction is not bound to watch the records, and could not be affected by a subsequent amendment of the return, made *ex parte,* and still less could it be retroactive against him.

*Heard November 3. Decided January 5.*

Error to Superior Court of Grand Rapids.

*Clay, Boynton & Maher,* for plaintiff in error, to the point, that the superior court being one of special and limited jurisdiction, it is erroneous for it to render judgment when its record does not show upon its face that it has acquired jurisdiction by a compliance with the prescribed statutory terms and conditions, cited: *Dred Scott v. Sanford, 19 How., 393–400; Frees v. Ford, 7 N. Y.,*

*176; Simonds v. De Bare, 4 Bosw., 547; Platt v. Stewart, 10 Mich., 260; Burkle v. Eckhart, 3 Denio, 279; Beach v. Bitsford, 1 Doug., 199; Greenvault v. Farmers' Bank, 2 Doug., 498; Merrill v. Montgomery, 25 Mich., 73; Thatcher v. Powell, 6 Wheat., 119; Denning v. Corwin, 11 Wend., 647; O. & M. R. R. Co. v. Shultz, 31 Ind., 150; State v. Gaudesuhiener, 30 Ind., 63.*

The plaintiff being a non-resident of the city, a service upon one of the defendants within the city was a condition precedent to the authority of the court to act in the cause. Without such service no act or omission on the part of the defendants could confer jurisdiction.—*Burkle v. Eckhart, 3 N. Y., 132; Simonds v. De Bare, 4 Bosw., 547; Farrand v. Bentley, 6 Mich., 281; Spear v. Carter, 1 Mich., 19; Horum v. Hannah, 3 Blackf., 48; Hart v. Malony, 2 N. H., 322; Grand Rapids v. Whittlesey, 32 Mich., 192.* And had the defendants appeared and joined issue in the cause and gone to trial and obtained judgment, the plaintiff might have brought error on the ground that the court never acquired jurisdiction.—*Capron v. Van Noorden, 2 Cranch, 120; Striker v. Mott, 6 Wend., 465; Jordan v. Dennin, 7 Metc., 590.*

The statute of amendments applies only to defects in matter of form, and it was as much a matter of substance for the defendant to be informed by the return whether or not the court had jurisdiction, as to be informed by the plaintiff's declaration of the nature of his claim.

*Taggart, Allen & Wolcott,* for defendant in error, argued that the fact of service of process is what gives the court jurisdiction of the person, and not the return of the sheriff; and that the amendment of his return does not change the fact, but merely the evidence of service; and cited: *Dunn v. Rogers, 43 Ill., 260; Bacon v. Bassett, 19 Wis., 54; Thatcher v. Miller, 11 Mass., 413;*

*Kitchen v. Reinsky, 42 Mo., 427; Gavitt v. Doub, 23 Cal., 78; Jackson v. Ohio, etc., R. R. Co., 15 Ind., 192;* and they also cited and relied upon the statute:— *Comp. L. 1871,* §§ 6051-2.

CAMPBELL, J:

Smith sued Denison jointly with one Bush, upon contract, in the superior court of Grand Rapids. Suit was commenced by declaration, and the sheriff made return of service on both defendants in Kent county, and did not certify that either was served in Grand Rapids. Judgment was rendered by default, on the 10th of July, 1875. On the 19th of July, upon an *ex parte* motion, the sheriff was allowed to amend his return so as to show service on Bush in Grand Rapids before service was made on Denison. The errors, assigned in this court are based upon the irregularity of the default, when no jurisdiction appeared.

The jurisdiction of the superior court is declared to extend to civil cases involving more than one hundred dollars, where service of declaration or process is made on one or all of the defendants within the city of Grand Rapids, or where the plaintiff resides in Grand Rapids and service is made on a defendant in Kent county.—*L. 1875 p. 44,* § *13.* It does not appear from the declaration that the plaintiff resides in Grand Rapids, and therefore the jurisdiction depended on the proper service of process on Bush.

The court in question, though having a large jurisdiction over causes of action, is a court of special and limited jurisdiction as to persons, and in all such cases jurisdiction must be shown, and cannot be presumed. In *Turrill v. Walker, 4 Mich. R., 177,* it was held a circuit court process could not be served without the county, in the absence of any statute authorizing it, and that court, though having general powers, could have no jurisdiction over persons not found where they could be lawfully served. A municipal court created for a city would be an anomaly, if it could

send its process abroad for general purposes.  The powers of the circuit courts to reach defendants beyond the county, is confined to cases where one, at least, is served within it.  In the case of joint debtors the practice is governed by *section 5748 of the Compiled Laws*.  That section expressly contemplates a service at home on one or more defendants, before the plaintiff can sue out further process or deliver a declaration to be served beyond the county on the rest, and in the case of process it evidently requires a return of "not found" as a preliminary.  The language, though not precise, contemplates some evidence of service on one as a foundation for a further writ, and the same provision allows the plaintiff to have his declaration and notice of rule to plead, which are a substitute for process, "served on the defendants not elsewhere served in any other county in this state."  It was never intended that an absent defendant should be pursued until service was made and proved on the other within the jurisdiction.  That is a condition precedent.  A defendant has a right to know from the record whether he is subject to the jurisdiction; and where it depends on a previous service on some one else, that can only be shown by the return of service, or by appearance.

Neither can a court render judgment against a party who has not appeared, without some evidence of jurisdiction.  In *Wells v. Walsh, 25 Mich. R., 344*, it was held that where a publication was had in attachment, although regularly made, no default could be entered until after proof of publication was filed.  The statute only allows a default on proof of service in any case.—*C. L.* §§ *5724, 5732*.  It is claimed, however, that by the statute of amendments no judgment by default shall be reversed for any "imperfect or insufficient return."—*C. L.* § *6051*.  This, however, must be read in the light of the whole section, and cannot go beyond formal defects or those by which "neither party shall have been prejudiced."

A defect in jurisdictional showing cannot be held formal or immaterial.  And the return in the present case was

not imperfect or informal. It was full and perfect in declaring the service to have been in the county of Kent (which phrase under this statute means outside of Grand Rapids), and therefore notified the defendant· Denison that Bush was "not found" in the jurisdiction, and that he himself could not be held. An amendment might be proper to found further proceedings and service upon, but after such a return Denison was not bound to watch the records, and could not be affected by the amendment *ex parte*. Still less could it be retroactive against him.

The act creating the superior court expressly adopts the legal rules applying to the service of process from circuit courts beyond county limits, as governing service of process in that court beyond the city.—*Sec. 14, L. 1875, p. 45.* We have already seen what is required in such cases in the circuit courts.

We think the default was not authorized, and that the amendment did not cure it.

The judgment must be reversed, with costs, as to Denison.

The other Justices concurred.