CLARK v. LICHTENBERG.

# Samuel D. Clark and another v. Gustave B. Lichtenberg.

*Service in foreign county: Statute construed.* Service in a foreign county under the statute (*Comp. L. 1871*, § *5748*) is not authorized until after the record shows proof of service on some of the defendants within the jurisdiction of the court.

*Proof of service: Certificate: Sheriff.* A certificate of service with the venue laid in the county of Wayne and city of Detroit, and signed simply "John B. Kendall, sheriff," without specifying of what county, and certifying to a personal service upon defendants named, on a day specified, "in said county of St. Clair," is not sufficient proof of service.

*Heard and decided January 20.*

Error to Superior Court of Detroit.

This was an action upon a promissory note made by Clark & Kirchmaier and endorsed by Beckel Bros. & Simpson. The suit was commenced by declaration against the members of both firms. Service was made at Detroit on Moses Beckel on May 5, 1875, and was accepted on the same day by said Beckel for his brother and Simpson. The only proof of service on Clark & Kirchmaier was a certificate with the venue laid in the county of Wayne and city of Detroit, and signed by "John B. Kendall, sheriff," without specifying of what county, and certifying to a personal service on them on May 5, 1875, in "said county of St. Clair." The proof of service on the Beckels and Simpson was filed May 5, 1875, and that on Clark and Kirchmaier on May 8th. Default was entered on the 18th, made absolute on the 26th, and judgment taken against all the defendants on the 27th of May.

Clark and Kirchmaier brought error.

*Miles & Coe* and *W. T. Mitchell*, for plaintiffs in error.

*Don M. Dickinson*, for defendant in error.

CLARK *v.* LICHTENBERG.

PER CURIAM:

This case is ruled by *Denison v. Smith, supra p. 155.* Service in a foreign county under the statute *(Comp. L. 1871, § 5748)* is not authorized until after the record shows proof of service on some of the defendants within the jurisdiction of the court. The most that this record can be claimed to have shown at the time of service on Clark and Kirchmaier in St. Clair county is, a service made on the other defendants within the jurisdiction, and proof thereof filed, on the same day that service was made on them in a distant county, without any showing as to which took place first. But, moreover, the certificate of service on Clark and Kirchmaier was insufficient as proof of such service.

Judgment reversed.