MORTIMER C. SMALLEY v. WILLIAM A. LIGHTHALL.

*Justice's Docket Entry no Proof of the Nature of Service—Evidence Aliunde—Parol Proof to Supplement Ambiguous Return.*

A justice should require distinct lawful evidence that summons has been served personally, before rendering judgment, on its return, against a defendant who has not appeared.

A justice's jurisdiction to proceed as in case of personal service is not established by his docket entry, to the exclusion of proof that service was not personal, when the return does not show that it was.

A constable, defending in replevin, justified under a justice's judgment and execution, and put in evidence a transcript of the judgment from which it appeared that the justice's docket entry stated that summons had issued May 18,. 1875, and had been personally served May 22; that the case was called and tried May 29; that defendant did not appear and that judgment was rendered against him. It did not show the time or place of appearance, nor whether any continuance had been allowed. Plaintiff in replevin put in evidence the constable's return of service endorsed on the summons. It was as follows: "I hereby certify that I have personally served the within summons on the within named defendant, by reading the same, and by giving a copy on the defendant, 22d day of May, 1875. Fees, $1.45. Served by copy. Mortimer C. Smalley, constable." *Held,* that as the docket entry did not show that the summons was returnable May 29, nor that the cause was kept alive until that day by adjournment, it failed affirmatively to show jurisdiction to proceed to judgment then; that the introduction of the original summons cured this defect, but left it ambiguous whether the service was really personal or by copy; and that it was therefore competent to show what the fact was by the constable who made the service.

Error to Huron.   Submitted June 20.   Decided Oct. 16.

REPLEVIN.   The facts are in the opinion.

*George S. Engle* (on brief) for plaintiff in error.

*Winsor & Snover* (on brief) for defendant in error. Want of jurisdiction may be shown, notwithstanding the

justice's docket entry (*Clark v. Holmes*, 1 Doug. [Mich.], 400) which is null if erroneous. *Dodge v. Bird*, 19 Mich., 519. Proof is admissible to explain the return of an officer. *Facey v. Fuller*, 13 Mich., 533.

GRAVES, J. Smalley was a constable and held an execution from a justice in favor of George S. Engle against Lighthall and seized under it a horse owned by Lighthall. The latter then replevied the horse of Smalley and he justified under the execution and the judgment on which it issued. He proved the judgment by a certified transcript and submitted the original execution with its endorsements. According to the transcript the record showed that the summons was issued May 18, 1875, and was personally served by Smalley May 22, 1875, whilst at the same time the record did not show the time or place for appearance or whether any continuance was allowed or not. It stated that the case was called and tried on the 29th of May, 1875; that Lighthall did not appear, and that judgment was rendered against him in Engle's favor for damages $46.20 and costs $3.30.

The execution bore date June 5th, 1875, and under date of July 29, 1875, was endorsed by Smalley: "No property found not exempt of the defendant."

Following this a renewal was endorsed under date of August 6, 1875, and next a levy by Smalley August 16, 1875, on the property in question.

After some other evidence which need not be mentioned, Lighthall called Smalley to the stand and was allowed to prove by him, and did prove by him, against the objection of his counsel, that he served the summons in the case of Engle against Lighthall, and that it was not served personally, but by copy only. The evidence was clear and definite. At the same time Lighthall submitted the original summons with Smalley's certificate of service endorsed as follows: "I hereby certify that I have personally served the within summons on the within named defendant, by reading the same, and by giving a copy on the defendant, 22d day of May, 1875. Fees $1.45. Served by copy. Mortimer C. Smalley, constable."

The result of the case depended on the right of Smalley to justify under the proceedings in the suit of Engle against Lighthall, and the judge being of opinion that there was no such right, ordered a verdict in Lighthall's favor. In doing so he mentioned three grounds of objection to the proceedings. Two will not be noticed.

If under the actual circumstances it was lawful for Lighthall to show that he was not personally served with the summons, the judgment was impeached and Smalley's justification failed. In other words, the defense broke down and Lighthall was entitled to judgment for the property.

Before a justice should assume to proceed and render judgment on the return of summons against a defendant who makes no appearance he should require distinct lawful evidence that the service made was personal. And whether it would be competent for a defendant, in case of judgment against him based on the evidence of a constable's regular and explicit certificate of personal service, to impeach the judgment in a collateral proceeding by contradicting the return and proving that the service was only by copy and thereby defeat the levy of an execution on the judgment, is a question not raised by this record.

Granting that such docket entries by the justice as the law deems proper for him to make are all to be considered as *prima facie* true, still whatever appearance he may create he cannot give himself the actuality of jurisdiction to proceed as in case of personal service or preclude defendant from proving the truth, by reciting in his minutes or docket that there was personal service, when the service was not personal and the evidence of service before him failed to show that it was. Indeed the great weight of authority goes further. *Clark v. Holmes*, 1 Doug. (Mich.), 390; *Starbuck v. Murray*, 5 Wend., 148; *Shumway v. Stillman*, 4 Cow., 292; s. c., 6 Wend., 447; *Long v. Long*, 1 Hill, 597; *Noyes v. Butler*, 6 Barb., 613; *Bosworth v. Vandewalker*, 53 N. Y., 597; *Sears v. Terry*, 26 Conn., 273; *Judkins v. Union Mutual Ins. Co.*, 37 N. H., 470; *Carleton v. Bickford*, 13 Gray, 591; *McDermott v. Clary*, 107 Mass.,

501; *Pennywit v. Foote,* 27 Ohio St., 600; *Thompson v. Whitman,* 18 Wall., 457.

What was the state of things here? Lighthall did not appear. The docket stated that he did not. But in reciting the constable's return, it represented that it was a return of personal service. At the same time, however, the docket, and on which Smalley relied, failed to show affirmatively any jurisdiction in the justice to proceed to trial and judgment on the 29th of May. It neither stated that the summons was returnable at that time or that the cause was kept alive to that time by adjournment. When the original summons with the constable's return upon it came, however, to be introduced by Lighthall it cured this defect and showed that the 29th of May was the time fixed for appearance. But this piece of evidence also developed the fact that the docket entry that the summons was returned personally served, was not warranted by the return itself. That was ambiguous, and no fair judgment upon it could convert it into higher or better evidence of personal service than of service by copy. If it conduced to prove one rather than the other it was service by copy.

Under these circumstances it was competent for Lighthall to show by the constable who made the service what the truth was. It follows that the judgment should be affirmed with costs.

The other Justices concurred.