### CHARLES ALVERSON V. JAMES DENNISON.

*Attachment—Service of writ.*

The city marshal of Manistee has no authority to serve process outside of the city. *Held* that his return to a writ of attachment issued by a justice would not confer jurisdiction to proceed, if it did not show affirmatively that it was served within the city.

Error to Manistee.    Submitted January 8.    Decided January 21.

*Fowler & Harley* for plaintiff in error.

*A. H. Dunlap* for defendant in error.

GRAVES, J.   Alverson sued out an attachment from a justice of the peace of the city of Manistee against Dennison for a civil debt and it was delivered to the city marshal for service.   That officer returned that he had served the writ personally, but made no statement as to the place or the particulars of the mode of service.   He did not say the service was in the city.   Dennison made no appearance, but Alverson appeared by counsel and took judgment.   Dennison then carried the case by certiorari to the circuit court and obtained a reversal and Alverson now asks a reversal of that judgment on writ of error.

The judgment of the circuit court cannot be disturbed. The return of service in the attachment gave the justice no jurisdiction and hence the result below was just.

The marshal of Manistee has no general authority to serve process.

Section 4 of title 3 of the charter (Vol. 2, Laws of 1869, p. 381) confines his power to process in favor of the city or of the people of the State, and this is the extent of it, unless we concede what there is room to question, that section 1 of title 2, as amended in 1871 (Vol. 2, Laws of 1871, p. 242), gives him further power. If, however, the amended section is allowed to have that effect, it is careful to limit his right to make service to the city limits. As the case was not on behalf of the city or of the people he had no right to make service any where unless authorized by the amended section referred to, and even then nowhere outside the city, and if we concede his competency to execute process as between these parties, the case is not aided.

The justice had no power to proceed without proper evidence that the defendant was amenable to his jurisdiction, and this the return did not show, and as there was no appearance, there was no waiver or admission. It did not appear that Dennison was where he could be lawfully served by the marshal, and it was not a fact to be presumed in favor of the proceeding. The law required affirmative proof. The power of the court is limited and special and the authority of the marshal is in any view not general, but confined to particular cases and occasions and qualified by conditions. It is due to counsel to say that no claim was set up that the amended section had any bearing. We thought it might be well, however, to notice it.

That the evidence of service was insufficient to confer jurisdiction on the justice is established by overwhelming authority. Among other cases see *Hartford Fire Ins. Co. v. Owen*, 30 Mich., 441; *Denison v. Smith*, 33 Mich., 155; *Clark v. Adams*, id., 159; *Clark v. Lichtenburg*, id., 307; *Smalley v. Lighthall*, 37 Mich., 348.

The judgment must be affirmed with costs.

The other Justices concurred.