### DANIEL HERBAGE v. PATRICK McENTEE.

*Endorsement of notes.*

An endorser before utterance is a joint maker.

Error to Saginaw. Submitted Jan. 16. Decided Jan. 31.

ASSUMPSIT. Plaintiff brings error.

*Michael Brennan* for plaintiff in error. One who signs or endorses a note to which he is not a party, before it is uttered, is jointly liable with the maker, *Perkins v. Catlin*, 11 Conn., 213; *Lewis v. Harvey*, 18 Mo., 74; *Austin v. Boyd*, 24 Pick., 64; *Palmer v. Grant*, 4 Conn., 389; *Greenough v. Smead*, 3 Ohio St., 416.

*Gage & Gage* for defendant in error.

GRAVES, J. The plaintiff sued the defendant before a justice of the peace and declared on a promissory note of which the following is a copy:

"EAST SAGINAW, April 22d, 1872.

$200.00. For value received I promise to pay *Daniel Herbage or bearer* the sum of two hundred dollars with ten per cent. interest the 22d day of April, 1873.

W. R. SCHENDALL."

Endorsed: "PATRICK McENTEE."

The justice rendered judgment for the plaintiff, but the circuit court reversed it on certiorari. It seems to have been supposed that in *Rothschild v. Grix*, 31 Mich., 150, the former was held to be a maker of the note there in question upon the ground that the paper was non-negotiable. But that was not the view of the court. *Wetherwax v. Paine*, 2 Mich., 555, had already settled the law in this State in regard to paper not negotiable, and the court was of opinion that the same rule applied to paper which was negotiable. In discussing the course of the courts of New York on the question it was suggested that the distinctions they assumed between negotiable and non-negotiable paper as a reason for applying one rule to the former and another to the latter did not seem to be a sound distinction and ought not to be adopted. We think *Rothschild v. Grix* governs here.

On its face the paper now in question imported that for the purpose of adding to its credit the defendant at its inception gave his name as promissor of payment, and made himself liable in character of maker.

The record presents no farther question. If either party indulged a wish or purpose that the effect should be different, or conceived an opinion that it was different, it is immaterial. In the absence of controlling facts the transaction stands as its own interpreter.

The judgment of the circuit court should be reversed with costs, and that of the justice affirmed.

The other Justices concurred.