XAVIER BRINGARD v. GEORGE L. STELLWAGEN AND WALTER
H. COOTS.

*County treasurer's warrant for collection of money due from town-
ship treasurer—Trover for conversion of goods seized under
defective process—Consent to issue of process.*

Where a sheriff, in executing process, disregards exemption rights,
the county treasurer or clerk of a court of record who issued
the process, is not jointly liable with him for conversion.

If a sheriff wrongfully levies upon goods and retains his fees from
the proceeds, he is liable for conversion even though he causes
the rest to be formally credited upon the alleged indebtedness.

Where trover is based on a wrongful levy, the fact that as part of
the proceedings the proceeds of the goods seized were credited
to the plaintiff, is no bar to the action, and can only be shown
in mitigation of damages; and that only if the plaintiff assented
to the credit.

A county treasurer's warrant for the collection of moneys due the
treasury from a township treasurer is constitutional process; but
it must show the facts which would presumptively confer juris-
diction to issue it.

The fact that a person whose goods were sold under defective pro-
cess against him was present at the sale and made no objection,
does not as between him and the sheriff preclude his bringing
trover against the latter for wrongful conversion, if his silence
did not mislead, and if there was no evidence that he knew of
the defects in the process.

A county treasurer's warrant was issued against a township treasurer
for the collection of moneys which he had not paid over.   There
was evidence that he had asked the county treasurer to with-
hold the warrant, and had said that if he did not appear by a
certain time, it might issue.   *Held* that it could not be assumed
without proof that he thereby consented to the issue of a de-
fective warrant, or to the warrant actually issued, if that was
defective.

Consent to the issue of process against one's self is a fact for the
jury.

Error to Superior Court of Detroit.   Submitted April
23.   Decided June 4.

TROVER.   Plaintiff brings error.

*Hawley & Firnane* for plaintiff in error. Evidence of the waiver of rights must be explicit, *Gault v. Van Zile*, 37 Mich., 22; *Bird v. Hamilton*, Walk. Ch., 371; submission to a legal warrant in the hands of a public officer is not voluntary and is no waiver of rights, *First Nat. Bank v. Watkins*, 21 Mich., 483; *Watson v. Kane*, 31 Mich., 61; *McKee v. Campbell*, 27 Mich., 497; *Atwell v. Zeluff*, 26 Mich., 118; *Nickodemus v. East Saginaw*, 25 Mich., 456.

*Henry M. Brevoort* and *Beakes & Cutcheon* for defendants in error. Consent to the issue of a warrant, if not revoked before its execution, is a defense to an action by the execution defendant based upon its enforcement,. *Chapman v. Beecham*, 3 Ad. & El. (N. S.), 733; *Congreve: v. Evetts*, 10 Exch., 298; an executed license to seize property has the same effect as an express transfer by the licensor, *Hope v. Hayley*, 5 El. & B., 842: 85 E. C. L., 830; *Carr v Allatt*, 3 H. & N., 967; *Chidell v. Galsworthy*, 6 C. B. (N. S.), 477: 95 E. C. L., 471; 3 Addison's Cont., § 1095; the license need not be written, *Taylor v. Waters*, 7 Taunt., 374; *Walter v. Post*, 6 Duer, 363; after its execution, a license is not revocable, and is a defense for all acts done in pursuance of it, *Winter v. Bockwell*, 8 East, 310; *Richards v. Symons*, 8 Ad. & El. (N. S.), 90; *Marble v. Whitney*, 28 N. Y., 307; *People v. Goodwin*, 1 Seld., 568; it may be proved under the general issue in any action on the case, 1 Chitty Pl. 145-6, 491; and justifies every thing done under or in consequence of it while unrevoked, 1 Washb. Real Prop., 398, § 6; *Pierrepont v. Barnard*, 2 Seld., 286; *Miller v. A. & S. R. R. Co.*, 6 Hill, 64; *Stevens v. Stevens*, 11 Metc., 257; the validity of warrants for the collection of revenue does not depend on recitals therein but on the actual existence of jurisdictional facts, *Cheever v. Merritt*, 5 Allen, 565; *Bank of Chenango v. Brown*, 26 N. Y., 476.

GRAVES, J. Bringard being a defaulter in his office of

township treasurer, Stellwagen, as county treasurer, issued to Coots, the sheriff, a warrant for collection of the moneys for which Bringard was bound to account to the county. It was directed against the latter and his sureties, and the proceeding was taken on the authority of Comp. L., §§ 1029, 1030. The sheriff seized and sold certain personal property of Bringard of the value of about $900, and after retaining his fees paid the rest to the county treasurer, who carried it to the proper fund and credited Bringard with the amount. The latter brought trover, and defendants in error justified under the warrant and claimed that Bringard in fact assented to their action. He contended that the warrant was no defense: *first*, because the provisions for it are unconstitutional; and *second*, because if they are not so, it did not contain the necessary facts to raise an intendment of right to issue and execute it. He also denied having assented to the proceeding set up against him, and claimed further that supposing the precept was correct, the benefit of the exemption laws was secured to him and was applicable to most of the goods taken, and that as these laws were wholly ignored the justification failed for that reason. The judge assumed it to be established that Bringard consented to the issuing of the warrant and waived all right to object to the proceedings taken under it, and on that ground directed the jury to find for the defendants and the instruction was obeyed.

The claim asserted under the exemption laws is not pertinent. The action is trover against the treasurer who issued and the sheriff who executed the precept. A joint conversion is alleged, and non-observance by the sheriff of the laws exempting property, if applicable to such process, is not an act of conversion on the part of the treasurer. He is not responsible for it. *Kaley v. Shed*, 10 Met., 317. The clerk of a court of record who issues an execution on a judgment is not liable for the fault or failure of the sheriff concerning the defendant's

right of exemption, and there is no distinction between the cases as to this question.

On the other hand, so far as the course of reasoning for defendants holds that the formal credit to the plaintiff as township treasurer in the county treasurer's office operated to bar the action, it is not tenable.

*First.* Only a part of the proceeds of the goods seized and sold went into the county treasurer's office. What was considered as sheriff's fees was retained to pay him for the conversion sued for, and if the amount was collected by wrong there was sufficient for a ground of action.

*Second.* If the passage of the fruits of the proceeding to the plaintiff's credit as township treasurer could be used in any form as matter of defense it could be so used only by way of mitigation of damages and not as a bar to the action. *Vosburgh v. Welch,* 11 Johns., 175; *Kaley v. Shed,* supra.

*Third.* It being admitted that the appropriation was in the same general proceeding and without the intervention of any new or distinct process, and was only one of the steps in the transaction complained of, it could not avail the defense even by way of mitigation unless in some way assented to by the plaintiff. *Northrup v. McGill,* 27 Mich., 234; *Dalton v. Laudahn,* id., 529; see also *Bromley v. Goodrich,* 40 Wis., 131.

It was settled in *Weimer v. Bunbury,* 30 Mich., 201, upon much deliberation, that the principle underlying the provisions now called in question was not inconsistent with the constitution, and further, that a warrant depending on that principle must show the facts which presumptively would make out a case in which the county treasurer issuing it had jurisdiction to do so. The court is not disposed to imply any doubt in regard to these points by further argument. Some points of analogy not very remote may be found in several recent cases. *Supervisors of Houghton County v. Rees,* 34 Mich., 481; *Hartford Fire Ins. Co. v. Owen,* 30 Mich., 441; *Denison*

*v. Smith,* 33 Mich., 155; *Clark v. Adams,* id., 159; *Clark v. Lichtenberg,* id., 307; *Smalley v. Lighthall,* 37 Mich., 348; *Alverson v. Dennison,* 40 Mich., 179. It was further determined in the case quoted that the warrant against Bunbury did not show the facts necessary to support the proceeding under the rule laid down. In the course of the discussion notice was taken of the absence of regulations framed to secure in the office of the county treasurer in some durable and authentic form the essential facts to authorize the award and execution of a warrant. But as the precept then in question was considered to be bad upon its face because it did not show enough to raise an intendment of right to issue it, a defect necessarily sufficient to rule the case, there was no attempt to decide what effect the omission of legislation in regard to preliminary matters had on the provisions given for a warrant. That question was waived, and it is not perceived that this case any more than the former one calls for discussion of the point. The warrant here is exposed to the same objection which the court held to be fatal in *Weimer v. Bunbury,* and it cannot be sustained without overruling that case.

We next come to the ground on which the judge below based his direction to find for defendants, and that is that the plaintiff consented to the proceeding of which he now complains as an injury. The first consideration of fact here is that he was present at the sale made under the warrant and offered no objection. This circumstance has no force as between these parties. According to the theory of the action the defendants were wrong-doers from the beginning, and were not misled or influenced to sell by plaintiff's silence. He does not seem to have owed them any duty to interpose a formal protest against the act of selling. Moreover, there is no evidence that he knew of the defects in the warrant, and hence that it would not hold all that a lawfully shaped process could. Perhaps a different question would be presented if the controversy was between the plaintiff and those who purchased at the sale.

The remaining matter of fact relative to this feature of the case is that on the day before the warrant the plaintiff called on the county treasurer, Mr. Stellwagen, and stated as the reason he had not settled, that he had used the money; that Mr. Stellwagen then said to him "it would be of no use to hold on to the warrant they were bound to issue against him," and that it might be signed at one time as well as another; that plaintiff replied that it "better be held on to" until the next day, at which time if he did not appear "they might issue it;" that it was withheld until the evening of the next day, and as he failed to appear, was then issued and given to the sheriff the day after. The judge construed this showing as positive proof that the emission of the very warrant actually in question had the plaintiff's assent, and without taking the sense of the jury on the value and force of the evidence, he assumed that the fact was established, and gave direction accordingly.

It does not appear necessary to examine the propriety of this practice in taking the evidence from the jury on the question of consent. As the correctness of Mr. Stellwagen's explanation of his talk with the plaintiff is not questioned, we may assume to regard it as the judge below did, as a showing of fact. Adopting that course, we cannot sustain the ruling. Our view of the legal significance of the fact will not permit it. In order to conclude the plaintiff on the ground that he assented to the proceeding of which he complains, it must first appear that the alleged assent applied to it in that shape substantially in which he now assails it by objection. There should be nothing equivocal. No ground should be left for referring an assent intended for a proceeding of a given form, to another substantially different for which it was not intended, and especially where the difference is precisely that which distinguishes a proceeding in due form from one fatally inaccurate.

It was indispensable that the proof should distinctly connect the consent with this warrant, or at least with

one having the like inaccuracy of shape. Such was not the case. On the contrary the tendency of the evidence was that the parties contemplated a warrant having lawful form.

The plaintiff's statement that the treasurer might issue a warrant preceded the preparation of process and did not refer to a specific paper,—to a precept already drawn and inspected,—but to one to be emitted thereafter, and the statement was in answer to the remark of Mr. Stellwagen where he spoke of the warrant he was "bound to issue," or in other words, required by law to issue; and it was such a warrant as this the plaintiff must be taken to have agreed to, if any, and not one like that in question which the treasurer was neither bound nor at liberty to issue.

If the case were such that the point would depend on presumption, it could not be intended that in giving consent in advance the plaintiff meant a warrant of invalid frame.

But if any consent is proved, it is not a consent applicable to one framed in derogation of law,—not a consent that a warrant with the defects of this one might issue. So far from it, the parties appear to have aimed expressly at a process of the form contemplated by law.

The judgment should be reversed with costs and a new trial granted.

The other Justices concurred.