## John J. Bagley v. John Pridgeon.

*Jurisdiction of municipal courts in transitory actions should appear
in the declaration—Costs on reversal of judgment by default.*

Under Act 97 of 1879 the jurisdiction of the Superior Court of De-
troit is confined in transitory actions "to cases where one of the

parties lives in Detroit." *Held* that a judgment by default for non-appearance in a suit begun by declaration cannot be sustained where the declaration does not show the residence of either party.

Costs are awarded only on error where a judgment by default for defendant's non-appearance, is reversed.

Error to Superior Court of Detroit. Submitted January 14. Decided January 23.

ASSUMPSIT. Defendant brings error.

*Wisner & Speed* for plaintiff in error.

*Moore, Canfield & Warner* for defendant in error. A return by the sheriff that defendant was served with a copy of the declaration within the city of Detroit is *prima facie* evidence that he resided there (*Marsh v. Hutchinson*, 2 B. & P., 230; *Ryall v. Kennedy*, 40 N. Y. Sup'r Ct., 361; *Fagg v. Clements*, 16 Cal., 389) and will give jurisdiction unless defendant shows there was none, *Donnelly v. Libby*, 31 N. Y. Sup'r Ct., 279; the rule that jurisdiction must affirmatively appear upon the record applies only to courts of inferior jurisdiction, *Peacock v. Bell*, 1 Saund., 74; *Spencer v. Rogers etc. Works*, 8 Bosw., 612; *Foot v. Stevens*, 17 Wend., 486; which the Superior Court of Detroit is not, *Gott v. Brigham*, 41 Mich., 227.

CAMPBELL, J. The only question in this case is whether a judgment by default, rendered in the Superior Court of Detroit, in a suit commenced by declaration, can be sustained where the declaration does not show the residence of either party, and there has been no appearance.

The statutes of 1879 changed the jurisdiction of this court by confining it in transitory actions to cases where one at least of the parties resides in Detroit. Pub. Acts 1879, p. 90. Under former statutes there was no such expressed requirement.

In *Grand Rapids, Newaygo & Lake Shore Railroad Company v. Gray*, 38 Mich., 461, it was intimated that the

jurisdiction should appear on the face of the proceedings; and in *Denison v. Smith*, 33 Mich., 155, it was also declared that this must be shown. In that case the law provided, as it formerly did in the case of the Detroit Superior Court, for jurisdiction by service of process in some cases not depending on mere residence, and there was some reason for not requiring residence to appear on the pleadings. But the changes made in 1879 place the Detroit Superior Court on a similar footing with the courts of the United States, where, since the early decision in *Turner v. Bank of North America*, 4 Dal., 11, it has always been held erroneous not to show jurisdiction on the pleadings. Now that residence has become uniformly essential to jurisdiction, we think it follows, in accordance with the general rules respecting courts of limited jurisdiction, that the party declaring should show himself within the statute. The presumption now must be in favor of the jurisdiction of the circuit courts as exclusive, until overthrown by some averment; and as the residence of parties cannot be put on the record in the outset except in the declaration or summons, or other original proceeding, it must appear in that way before the defendant is bound to answer. There can be no presumptions in favor of special and limited jurisdictions.

No amendment having been made in this case, we have no means of knowing on what ground the jurisdiction was founded, and while the proceedings at a proper stage may not have been beyond correction, they are in their present shape undoubtedly erroneous.

The judgment must be reversed with costs of this court. Not having appeared below, no costs can be awarded against Pridgeon except on error.

The other Justices concurred.