| 92 | 291 |
| e134 | 70 |
| 92 | 291 |
| 145 | 688 |

ALBERT BAXTER v. WILLIAM E. GROVE, CIRCUIT JUDGE OF KENT COUNTY.

*Attachment—Joint defendants—Service of writ.*

A return to a writ of attachment issued against two defendants, upon neither of whom personal service has been had, which fails to show that the property attached in the county where the suit was commenced was in the possession of or belonged to either of the defendants, will not authorize the issuance of a writ to another county under How. Stat. § 7316, which provides that when in an action *ex contractu* brought against two or more joint defendants, one or more of whom do not reside or are not found in the county where suit is commenced, service of process is had on one or more of the defendants in said county, or property in *his or their possession* is attached therein, a writ may issue to the sheriff of the county where such unserved defendants may be found for service upon them.

*Mandamus.* Argued June 7, 1892. Denied June 10, 1892.

Relator applied for *mandamus* to compel respondent to vacate an order setting aside the service of a writ of attachment. The facts are stated in the opinion.

*Birney Hoyt,* for relator.

*Earle & Hyde,* for respondent.

PER CURIAM.    Relator asks for *mandamus* to compel respondent to vacate an order setting aside service of process made upon the defendant William L. Conley in Wayne county, in an action instituted by attachment in the circuit court of Kent county against said Conley and one Munsell, the service having been made or attempted under How. Stat. § 7316.

It appears by the return that suit was commenced by relator, October 31, 1891, the writ being made returnable November 24, 1891.    On November 25 the sheriff returned that he had attached the following property, to wit:

| | |
|---|---:|
| 1 book, History of Toledo, appraised at | $4 00 |
| 58 unfinished books, History of Grand Rapids, appraised at | 145 00 |
| 1 bill case, appraised at | 15 |
| 36 wood and electrotype cuts, appraised at | 5 00 |

The sheriff further returned that he could not find either of the defendants in his said bailiwick.    Thereupon the relator sued out an *alias* writ, directed to the sheriff of Wayne county, returnable December 22, 1891, which was served upon the defendant Conley, who subsequently moved to set aside the service, which motion was granted by respondent upon the ground that it did not appear by the return to the first writ that the property taken in Kent county was in the possession of the defendants.

The statute referred to (section 7316) provides that—

"When an action on any contract or obligation  *  *  * shall have been or shall be brought in any circuit court of this State against two or more joint defendants, one or more of whom shall not reside or be found in the county where the suit shall be brought, and one or more of the defendants shall be served with process or decla-

ration in the county where suit is commenced, or property in his or their possession shall be attached in said county, the plaintiff in such action may sue out one or more writs of summons, or other writ whereby such suit was commenced, directed to the sheriff of the county where such defendants not so served may be found," etc.

The circuit judge was right in his holding. The general rule is that service of process can only be made in the county of its issue. The proceeding contemplated by this section is special, and parties acting under this statute must keep within its terms. In *Denison v. Smith,* 33 Mich. 155, it was said:

"The language, though not precise, contemplates some evidence of service on one as a foundation for a further writ, and the same provision allows the plaintiff to have his declaration and notice of rule to plead, which are a substitute for process, 'served on the defendants not elsewhere served in any other county in this State.' It was never intended that an absent defendant should be pursued until service was made and proved on the other within the jurisdiction. That is a condition precedent. A defendant has a right to know from the record whether he is subject to the jurisdiction, and, where it depends on a previous service on some one else, that can only be shown by the return of service or by appearance." See, also, *Clark v. Lichtenberg,* 33 Mich. 307.

It does not appear by the return in question either that the property was the property of either of the defendants, or that it was in the possession of either of the defendants. It is contended that, if the property seized was the property of the defendants, the inference would be that it was in the constructive possession of the defendants, but the return shows neither possession nor ownership in the defendants.

The writ will be denied, with costs.