WILLIAM H. ALLISON v. EDWARD D. KINNE, CIRCUIT JUDGE OF WASHTENAW COUNTY.

*Bills and notes—Joint maker—Suits against joint defendants residing in several counties—Service of process.*

1. Where a third person not the payee indorses a note prior to its delivery, and before any advances are made thereon, his liability to the person who advances the money is that of a joint maker; citing *Rothschild v. Grix*, 31 Mich. 150; *Herbage v. McEntee*, 40 Id. 337; *Fay & Co. v. Jenks & Co.*, 78 Id. 312.

2. On its face, such a note imports that, for the purpose of adding to its credit, the indorser at its inception gave his name as promisor of payment, and made himself liable as a joint maker, and, in the absence of controlling facts, the transaction stands as its own interpreter; citing *Herbage v. McEntee*, 40 Mich. 337.

3. Such a case falls within How. Stat. § 7316, which provides that

when an action on any contract is brought in the circuit court against two or more joint defendants who are original parties thereto, and not merely indorsers or guarantors, one or more of which defendants do not reside or are not found in the county where suit is brought, and service of process is had on one or more of the defendants in said county, or property in his or their possession is attached in said county, the plaintiff may sue out one or more writs of summons, or other writ whereby such suit was commenced, directed to the sheriff of the county where such unserved defendants may be found, for service upon them, or he may cause a copy of the declaration filed in such cause, with notice of the rule to plead, to be served on such unserved defendants in any other county in this State.[1]

4. The statute requires that, as a condition precedent to the service in another county of said writ or declaration, proof of the service of the original writ or of said declaration upon one or more of the defendants in the home county shall be filed in the suit, and the absence of such proof is not cured by a return afterwards made showing actual prior service in the home county.

*Mandamus.* Argued January 29, 1895. Granted February 12, 1895.

Relator applied for *mandamus* to compel respondent to quash the service upon him of a declaration. The facts are stated in the opinion.

*Frank E. Jones,* for relator.

*Lawrence & Butterfield,* for respondent.

---

[1] SUITS AGAINST JOINT DEFENDANTS RESIDING IN SEVERAL COUNTIES.

For cases bearing upon the proper construction of and practice under How. Stat. § 7316, see:

1. *Hosie v. Circuit Judge,* 22 Mich. 493, where prior to the amendment of 1873, which excepts from the operation of the statute indorsers or guarantors of the contract or obligation sued upon, suit was commenced against the maker and indorsers of a promissory note in the county where the indorsers resided, and, after the declaration had been served upon them in that county, it was served upon the maker in another county, where he resided, which service was sustained, the Court holding that all persons authorized by law to be joined as defendants were "joint defendants" within the meaning of the statute.

LONG, J. On October 31, 1894, Comstock F. Hill commenced suit in the Washtenaw circuit court by filing declaration and entering rule to plead. The action was in *assumpsit* against John D. Allison, Jacob Bentler, and William H. Allison, jointly, on a promissory note made March 30, 1892, by John D. Allison and Jacob Bentler to James D. Allison or bearer, for $320, and payable at the residence of C. F. Hill, in Lodi. It was indorsed by the name of W. H. Allison, and a payment of $100 was also indorsed thereon. Defendants John D. Allison and Jacob Bentler reside in Washtenaw county, while the defendant the relator here resides in Wayne county. Copies of the declaration, with notice of rule to plead, were served upon the defendants John D. Allison and Jacob Bentler in Washtenaw county on November 5, 1894, by a deputy sheriff of that county, and upon William H. Allison in Wayne county on November 9, 1894, by a deputy sheriff of that county. The return of service on each defendant

---

2. *Denison v. Smith*, 33 Mich. 155, and *Clark v. Lichtenberg*, Id. 307, holding the doctrine set forth in the fourth head-note.

3. *Burt v. Circuit Judge*, 35 Mich. 228, holding that the statute does not authorize the issuance of a *scire facias* to other counties than that in which the court sits.

4. *Jacobson v. Circuit Judge*, 76 Mich. 234, questioning the right of non-residents of the State to sue a defendant, in an action of tort for combining with plaintiff's debtor to secrete and dispose of his property in fraud of the creditor's rights, in any but defendant's home county, notwithstanding the joinder as a co-defendant of a resident of the county where suit is brought; and holding it oppressive to resort to such proceedings without some good reason, and that the service cannot be upheld, if unfair and in fraud of any legal privilege.

5. *Baxter v. Circuit Judge*, 92 Mich. 291, holding that a return to a writ of attachment issued against two defendants, upon neither of whom personal service has been had, which fails to show that the property attached in the county where the suit was commenced was in the possession of or belonged to either of the defendants, will not authorize the issuance of a writ to the sheriff of another county under said statute.

was filed in the office of the clerk of the Washtenaw circuit court on November 21, 1894. November 30 the relator appeared specially by his attorney, and moved the court to quash the service upon him for the reason that such service was illegal and void:

1. That relator was not an original party to the note, but an indorser thereon.

2. That no return was made by the officer showing service upon one or more of the defendants within the county of Washtenaw before service was made upon relator in the county of Wayne.

This motion was denied. Relator now asks the writ of *mandamus* to require the respondent to grant said motion. and to quash the service upon him of the declaration. How. Stat. § 7316, provides—

"That when an action on any contract or obligation, or an action of ejectment, or an action for trespass on lands, or an action of trespass on the case for injuries to real estate, shall have been or shall be brought in any circuit. court of this State against two or more joint defendants, one or more of whom shall not reside or be found in the county where the suit shall be brought, and one or more of the defendants shall be served with process or declaration in the county where suit is commenced, or property in his or their possession shall be attached in said county, the plaintiff in such action may sue out one or more writs. of summons, or other writ whereby such suit was commenced, directed to the sheriff of the county where such defendants not so served may be found, or where the property liable to be attached may be, or he may cause a copy of the declaration filed in such cause, with notice of the rule to plead, to be served on the defendants not elsewhere served in any other county in this State; and it shall be the duty of such sheriff to serve such process or declaration or notice, and make return thereof to the county clerk of the county where the suit is commenced: *Provided,* that in any such action on any contract or obligation such joint defendants are original parties to such contract or obligation, and not made parties thereto by being indorsers or guarantors of such contract or obligation."

It is contended· by respondent that the relator was a joint maker of the note sued upon, and not an indorser, as the note was made by John D. Allison and Jacob Bentler to James D. Allison, and indorsed by William H.· Allison before being put in circulation; that at least, from an inspection of the note, it does not appear that the relator was a mere indorser.

It is settled that where a third person not the payee indorses a note before it is delivered, and before any advances are made upon it, his liability to the person who advances the money is that of an original promisor and joint maker. *Herbage v. McEntee*, 40 Mich. 337; *Rothschild v. Grix*, 31 Id. 150; *Fay & Co. v. Jenks & Co.*, 78 Id. 312. It is contended by relator, however, that there can arise no presumption that he was a joint maker, but that the presumption must be that he was an indorser merely. He was not named as payee in the note, but his name appears upon it. This was not necessary to give it circulation or to pass title. As was said in *Herbage v. McEntee, supra:*

"On its face, the paper now in question imported that, for the purpose of adding to its credit, the defendant at its inception gave his name as promisor of payment, and made himself liable in character of. maker. · * * ·* In the absence of controlling facts, the transaction stands as its own interpreter."

The case falls within the provisions of the statute above quoted, and service could be had upon the relator outside of Washtenaw county, after service upon one of the joint makers within that county.

It is next contended that there should have been proof of service on file in the clerk's office upon one or more of the joint makers within that county before service could be had upon the relator in Wayne county. By the express terms of the statute, one of the joint parties must be served

in the county where the suit is commenced, before the process can be served upon the other in another county. In *Denison v. Smith*, 33 Mich. 155, 158, Mr. Justice CAMPBELL, speaking of this section, said:

"That section expressly contemplates a service at home on one or more defendants, before the plaintiff can sue out further process or deliver a declaration to be served beyond the county on the rest, and, in the case of process, it evidently requires a return of 'Not found' as a preliminary. The language, though not precise, contemplates some evidence of service on one as a foundation for a further writ, and the same provision allows the plaintiff to have his declaration and notice of rule to plead, which are a substitute for process, 'served on the defendants elsewhere served in any other county in this State.' It was never intended that an absent defendant should be pursued until service was made and proved on the other within the jurisdiction. That is a condition precedent. A defendant has a right to know from the record whether he is subject to the jurisdiction; and, where it depends on a previous service on some one else, that can only be shown by the return of service or by appearance."

We think the above case must rule the present one. The rule is expressly stated that proof of service must be made before service can be had in another county. This rule was followed in *Clark v. Lichtenberg*, 33 Mich. 307. There was no proof of service on the defendants in Washtenaw county on file when the declaration was served on relator in Wayne county. The statute contemplates this as a condition precedent to service being made out of the county on another defendant. It was not cured by a return afterwards made showing actual service in Washtenaw county before the relator was served. This same section makes it lawful to serve writs of summons or other writs in the same manner, and in such case the process must be returned with service indorsed before a second process can be sued out. Evidence must exist in the clerk's office of the due personal service in the county where the suit is

-commenced before any other party can be served in another -county. This was not shown in the present proceeding.

The writ must be granted as prayed.

The other Justices concurred.