## FLEUGEL *v.* LARDS.

1. JUSTICES OF THE PEACE—DIRECTION OF WRIT—SERVICE.

   The direction of a writ commonly issued by a justice of the peace to "any constable" need not be changed when the writ is served by an authorized person other than a constable.

2. OFFICER'S RETURN—CONSTRUCTION OF CHARTER.

   Where, under a city charter, the marshal is *ex officio* chief of police, to which last-named officer power is given to serve any process which by law a constable may serve, a return of service made by the city marshal, as such, admits of no other conclusion than that the writ was served by the chief of police.

3. SAME—SUFFICIENCY OF SERVICE—CLERICAL ERROR.

   A return of service to a writ of replevin, after showing the seizure of the property, its appraisal by a disinterested person duly sworn for that purpose, and its delivery to the plaintiff, concluded: "And I further return that, on the 28th day of June, 1894, the defendant named in the said writ, by delivering to him, the said defendant, personally, a certified copy of said writ." *Held*, that the omission of the words, usually found in such a return, showing that service of the writ was made on the defendant, was clerical, and that it was evident that the defendant had been served in the manner required by law.

4. CHIEF OF POLICE—AUTHORITY TO SERVE PROCESS—EXTENT OF
   JURISDICTION.
   Where a city charter authorizes the chief of police to serve
   any process which by law a constable may serve, and contains
   no words limiting said authority to the city or to particular
   cases, civil process out of justice's court may be served by
   him anywhere within the county.

5. WRIT OF REPLEVIN—SERVICE AND RETURN—OMISSION—JUDICIAL
   NOTICE.
   A city marshal signed his return of service of a writ of re-
   plevin, "Almon S. Krapf, city marshal." Preceding the return
   was the oath of the appraisers, the jurat to which was signed,
   "Almon S. Krapf, city marshal of the city of Adrian." *Held,*
   that the failure to append the words "of the city of Adrian"
   to the signature to the return was unimportant, and that the
   justice might take judicial notice that the person so signing
   was marshal of said city.

Error to Lenawee; Lane, J. Submitted February 18,
1896. Decided March 24, 1896.

Replevin by Christian Fleugel against Henry C. Lards.
From a judgment for defendant upon special appeal from
justice's court, plaintiff brings error. Reversed.

*J. C. Winne,* for appellant.

*Watts, Bean & Smith,* for appellee.

HOOKER, J. Almon S. Krapf, being at the time city
marshal, and by virtue of his office chief of police, of the
city of Adrian, attempted to serve a writ of replevin
issued by a justice of the peace of said city, said writ
being directed "to any constable of said county," as re-
quired by statute. The following is a copy of the return
made to the writ:

"*Lenawee County, ss.:* By virtue of the annexed writ,
I have, this 28th day of June, 1894, replevied to the
plaintiff, therein named, the goods and chattels specified
in the said annexed writ, as I am commanded therein,
and on the 2d day of July, 1894, I caused the said prop-
erty, so seized by me, to be appraised by one disinterested

person, on oath administered, as above set forth, which oath, after being so administered by me to the said disinterested person, and after he has subscribed and set oath as above, he appraised the same as above set forth.   After such appraisement, I duly delivered the same to the said plaintiff, as I am likewise commanded.   And I further return that, on the 28th day of June, 1894, the defendant named in the said writ, by delivering to him, the said defendant, personally, a certified copy of said writ.
  "Dated July 7, 1894.
                    "ALMON S. KRAPF, City Marshal."

Preceding the return upon the writ was the oath of an appraiser, the jurat to which was signed,—

                    "ALMON S. KRAPF,
                       "City Marshal of the
                   "City of Adrian, in said County."

Upon the return day the defendant appeared specially, by counsel, and moved to quash the proceedings for want of jurisdiction, which motion was denied.   After judgment for the plaintiff, the defendant removed the case to the circuit court by special appeal, where it was reversed upon the questions raised by the special appeal, and it is before us upon error.

The grounds of the motion to quash were:

1. Because there was no proper proof of service of the writ.
2. Because the writ was not served by any person authorized to serve the same, nor by any person appointed to serve the same.

In support of the second ground, it was urged that the city marshal of Adrian was not authorized to serve a writ directed to "any constable," etc.; that the charter provides for one constable for each ward; that the constable is a constitutional officer; that the number cannot be increased by giving his power to the city marshal; that the authority to serve process is given to him in the capacity of chief of police, and not as city marshal.

No authority in point is cited in support of any of these propositions.   The statute prescribes the essen-

tials of a justice's writ of replevin, and requires it to be directed "to any constable of said county." It is a statutory writ, and departure from the prescribed form would, to say the least, render it of doubtful validity. The statutes require a similar direction to summons and other writs; yet it is provided by law that some of them may be served by sheriffs, and private persons duly authorized. It is not the practice in such cases, nor is it necessary, to change the direction of the writ.

The second point is covered by the case of *White* v. *Supervisors*, 105 Mich. 608. The charter provides that "the city marshal shall be the chief of police of the city." In another section it says: "The chief of police may serve any process which by law a constable may serve." As the chief of police and city marshal are one and the same person, we think the signature of the return as city marshal admits of no other conclusion than that the writ was served by the chief of police.

The return is attacked upon the grounds: (1) That it does not show any service; (2) that it does not appear to have been served in the city of Adrian; (3) that the marshal did not append his official title to his signature.

The return shows an omission of a few words usually found in the return, but it is evidently clerical, and it is evident that the defendant was served in the manner required by law.

We think that the marshal might lawfully serve this writ within the county. Counsel for the plaintiff cites a number of cases to the proposition that regularity of official action is to be presumed, among them *Bushey* v. *Raths*, 45 Mich. 183, where it was held that it would be presumed that a writ of attachment was served within the county, the return being silent. The case differs from that of *Alverson* v. *Dennison*, 40 Mich. 179, 526, where the marshal's authority was limited to the city, and to particular cases, and was not general.

The fact that the marshal failed to append the words "of the city of Adrian" to his signature to the return is

unimportant. It appears twice upon the writ, and the justice might take judicial notice that he was marshal of Adrian.

The judgment of the circuit court must therefore be reversed, and the case remanded for further proceedings.

LONG, C. J., and MOORE, J., concurred. GRANT and MONTGOMERY, JJ., did not sit.