<hr />

ENGEL *v.* SMITH.

PROCESS—SERVICE—JOINT DEFENDANTS—NONRESIDENTS — PROOF OF
SERVICE—JURISDICTION.
Where suit was commenced in plaintiff's home county against
joint defendants residing in another county, and service
of process was had on one of the defendants in plaintiff's
home county, but no proof of service of the writ on the
home defendant was made and filed with the county clerk
before service was had upon the other defendants in an-
other county, the practice was not in conformity with
chapter 13, § 27, subd. 4, of the judicature act (3 Comp.
Laws 1915, § 12430) and Circuit Court Rule No. 18, § 1,
and therefore the court did not obtain jurisdiction, and
any judgment rendered therein was void.

Case-made from Kent; Barton, J., presiding.   Sub-
mitted January 15, 1918.   (Docket No. 74.)   Decided
March 27, 1918.

Replevin by Gust Engel and another against William
L. Smith for the possession of an automobile.   Judg-
ment for plaintiff.   Defendant appeals.   Affirmed.

*E. J. Bowman,* for appellant.
*Smedley & Linsey,* for appellee.

STONE, J. This is an action of replevin commenced in the Kent circuit to recover possession of one Saxon six-cylinder automobile which had been levied upon by the defendant, a deputy sheriff, of Kent county, by virtue of an execution issued out of the circuit court for the county of Montcalm upon a judgment in an action of assumpsit wherein William H. Browne was plaintiff, and the Haynes Company of Grand Rapids, formerly Grand Rapids Saxon Company, Gust Engel, Aaron L. Mann and Junietta Mann were defendants.

The facts are not in dispute. The case is here upon a case-made after judgment for the plaintiffs, and the questions involved relate to the jurisdiction of the circuit court for the county of Montcalm to enter the judgment in the action of assumpsit.

Upon the trial of the instant case the plaintiffs introduced evidence tending to show that the automobile, which was the subject of replevin, was their joint property.

Defendant introduced evidence tending to show that he was a deputy sheriff of the county of Kent and that he came into possession of said automobile by virtue of a levy of execution issued out of the circuit court for the county of Montcalm in said assumpsit suit. The files in the Montcalm county circuit court case, consisting of the original summons, with certificate of service indorsed thereon, declaration in assumpsit, affidavit of nonappearance of all defendants, default, and judgment against all four defendants therein, for the sum of $496.50 were introduced in evidence. The summons was the ordinary law summons for the commencement of suit, and when returned and filed carried indorsements showing service on the president of the Haynes Company of Grand Rapids in the county of Montcalm by a Montcalm county deputy sheriff on November 16, 1916, and service upon the remainder of the defendants in the county of Kent by the sheriff of

Kent county on the 23d and 24th days of November, 1916.

The summons with return of service, the affidavit of non-appearance, and the default in the Montcalm circuit case, were all filed on December 16, 1916, and judgment was rendered on January 2, 1917.

The copy of the summons served upon the defendants in Kent county contained nothing to notify the nonresident defendants that service had been made on any defendant in Montcalm county, and nothing appeared in the clerk's office to show that service had been made, until December 16, 1916.

The plaintiff in the Montcalm circuit case was a resident of Montcalm county, and all four defendants therein were residents of Kent county, and the Haynes Company of Grand Rapids is and was a domestic corporation with its principal office at the city of Grand Rapids, in said county of Kent. These facts appearing upon the trial of the instant case, upon motion of counsel for plaintiffs, the court directed a verdict and judgment for plaintiffs, holding that the Montcalm circuit court judgment was void for want of jurisdiction for the reasons, viz.:

(1) The sheriff's return of Montcalm county shows that the service was made upon the president of the Haynes Company of Grand Rapids, a corporation with principal office in Grand Rapids, which did not give the court jurisdiction because the corporation should be served in its own county.

(2) Because the sheriff's return of service had upon one of the defendants in Montcalm county was not filed with the county clerk until the 16th day of December, 1916, at the same time that the return of the sheriff for the county of Kent was filed, showing the service on the defendants residing in Kent county, and that the original summons with the return of both sheriffs indorsed thereon, was not filed with the county clerk of Montcalm county until the 16th day of December, 1916, and for that reason did not give the court jurisdiction to render a judgment against the defendants served in Kent county.

The second ground of the holding by the trial court was because the copy of the summons served upon the defendants in Kent county contained nothing to notify those defendants that service had been made on any defendant in Montcalm county, and nothing appeared in the clerk's office in Montcalm county to show that service had been made until December 16, 1916. Defendant assigns error upon these rulings.

Subdivision 4 of § 27 of chapter 13 of the judicature act (3 Comp. Laws 1915, § 12430) contains the following language:

"When a personal transitory action at law is commenced in the county where the plaintiff resides, against a defendant or defendants residing without the county, service of process must be had in the county where the suit is commenced. If such service is had upon one defendant within such county, the remainder of the defendants may be served anywhere in the State."

Referring to the second ground of the objection, the trial court seems to have held that the amendment of the statute has not made any radical change as to service upon joint defendants, and provides such a service as was contemplated prior to the time of such amendment of the former statute. (3 Comp. Laws § 10010, as amended.)

It is conceded that the plaintiff Engel (one of the defendants in the assumpsit suit) had no notice by proof of service on file in the clerk's office or otherwise, that any defendant had been served in Montcalm county, and he had a right to believe that he was not subject to the jurisdiction of the Montcalm circuit court. In this ruling we think the trial court was correct. There is no question as to the rule of practice established by this court under the former statute. 2 Stevens Michigan Practice, p. 193; *Denison* v. *Smith,* 33 Mich. 155; *Clark* v. *Lichtenberg,* 33 Mich. 307;

*Baxter* v. *Kent Circuit Judge,* 92 Mich. 291; *Allison* v. *Washtenaw Circuit Judge,* 104 Mich. 141, 146.

In the last cited case this court said:

"The rule is expressly stated that proof of service must be made before service can be had in another county. This rule was followed in *Clark* v. *Lichtenberg,* 33 Mich. 307. There was no proof of service on the defendants in Washtenaw county on file when the declaration was served on relator in Wayne county. The statute contemplates this as a condition precedent to service being made out of the county on another defendant. It was not cured by a return afterwards made showing actual service in Washtenaw county before the relator was served.   *   *   *   Evidence must exist in the clerk's office of the due personal service in the county where the suit is commenced before any other party can be served in another county."

See, also, *Hakes* v. *Macklin,* 170 Mich. 228, 231.

While the language of the statute has been somewhat changed by the amendment, we are satisfied that the practice should be held to remain substantially as formerly. Under our present rules the summons, instead of being directed to the sheriff, is directed to the defendants. Section 1 of Circuit Court Rule No. 18 contains the following language:

"If there be more than one defendant, the proof of service shall, at the request of the plaintiff, be made immediately after service on each defendant, and in such case the proof of service may be indorsed upon or attached to a copy of the writ, and the original retained until the return day for service on the other defendants."

We have no doubt that the correct practice under the amended statute and rule, makes it necessary to file proof of service of the writ upon the home defendant, in the office of the clerk of that court, before the original writ is sent into and served in another county, and that this practice is contemplated by the · rule above referred to. There was no necessity for the issuing of an alias summons, but proof of service by

the sheriff of Montcalm county should have been filed with the clerk of that court in the manner pointed out by the rule, before the summons was served upon the defendants in the county of Kent.

This conclusion being decisive of the case, renders it unnecessary to consider the other point presented. We are satisfied that the trial court did not err in holding that the circuit court for Montcalm county never obtained jurisdiction over the defendant Engel in that suit; and that the judgment as to him was void.

The judgment of the circuit court therefore is affirmed.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, BROOKE, FELLOWS, and KUHN, JJ., concurred.