## Daniel Gurney v. The Mayor, Recorder and Aldermen of the City of St. Clair.

Justices of the Peace have no jurisdiction of actions against municipal corporations.—(*Comp. Laws*, §3700).

The provision in the charter of the city of St. Clair, that that corporation may sue and be sued in all courts of law and equity, &c., does not confer upon justices jurisdiction of actions against that city.

Where, therefore, suit was brought in the Circuit Court against the City of St. Clair, and a recovery had for less than one hundred dollars, it was held the plaintiff was entitled to costs.

*Submitted on briefs, April 21st. Decided April 28th.*

Error to St. Clair Circuit. The case is fully stated in the opinion.

*Crellin & Atkinson*, for plaintiff in error:

Justices have no jurisdiction of actions against municipal corporations.—*Comp. L.* § 3700; *Root v. Mayor, &c.*, 3 *Mich.* 433. And plaintiff, having recovered in the Circuit Court, is entitled to costs.—*Comp. Laws*, § 5597.

*T. C. Owen*, for defendants in error:

The charter of St. Clair makes the city capable of suing and being sued, in all courts of law and equity.—*Laws of* 1858, *p. 50*, § 2.

MANNING J.:

The only question in this case is one of costs.

The plaintiff in error, having sued the defendants, a municipal corporation, in the Circuit Court for St. Clair county, and recovered a verdict for $93.20 damages, the Court gave judgment for costs in favor of defendants, to be deducted from the plaintiff's judgment for damages.

Section 5597 of the Compiled Laws provides that, In the following cases, if the plaintiff recover judgment by default, upon confession, verdict, demurrer or otherwise, in any action or proceeding at law, he shall recover his costs. The remaining part of the section is subdivided into seven parts, the fourth subdivision of which is as follows: In all actions for the recovery of any debt or damages, or for the recovery of penalties or forfeitures, in cases where such actions are not cognizable before a justice of the peace, and in all actions of replevin.

By section 3653 (Comp. L.) it is provided that justices of the peace shall have original jurisdiction of all civil

actions, wherein the debt or damages do not exceed the sum of one hundred dollars. This language is broad enough to embrace corporations. But § 3700, a part of the same chapter, provides, that all actions against corporations except municipal corporations shall be cognizable before a justice of the peace, in like manner and with the like restrictions as the same are or may be, by law, before a justice of the peace when brought against an individual. The two sections must be construed together, and when so construed municipal corporations are excepted from the jurisdiction of justices courts, and the plaintiff was consequently entitled to costs under the fourth subdivision of § 5597.

The clause in the act incorporating the City of St. Clair, that the corporation may sue and be sued in all courts of law and equity, must be understood to mean, in all courts of law and equity having jurisdiction of the case. It was not intended to enlarge the jurisdiction of our courts, or to permit a bill to be filed in equity, by or against the city, in a matter clearly cognizable in a court of law, as would be one of its effects if construed literally.

The judgment for damages in favor of plaintiff is affirmed; and the judgment for costs, in favor of defendants, is reversed, with costs in this Court and in the Court below to plaintiff.

The other Justices concurred.