## The Hartford Fire Insurance Company v. Isaac Owen.

*Service of process: Exceptional provisions: Statute construed.* All exceptional modes of obtaining jurisdiction over persons, natural or artificial, not found within the state, must be confined to the cases and exercised in the manner precisely indicated by the statute.

*Justice's courts: Process: Service: Foreign county.* Under our justice's act process from a justice's court in civil cases is not authorized to run into another county, or to be served beyond the bailiwick.

*Foreign insurance companies: Statutes construed: Service of process: Justice's courts: Jurisdiction.* Our statute (*Comp. L., 1871, § 1683*) concerning the service of process against foreign insurance companies doing business in this state, upon their agent, is held not applicable to process from justice's courts, but only to that of courts of record; and justices of the peace have no jurisdiction over foreign insurance companies, especially since the act of 1873 (*Laws of 1873, p. 206*), authorizing the service of process in all cases against such companies, by delivery to the state commissioner of insurance, who is required to send duplicates to the company or to its agents within the state; such a provision could not be designed to apply to any court proceeding on summary process, as it would allow no time to prepare for defense, or even to appear.

*Statutes construed: Foreign insurance companies: Process: Service.* Whether this act of 1873 entirely supersedes the former law on the subject, or is merely additional, is immaterial, since it applies to all suits brought after its passage, and makes the service on the commissioner permissible, if not imperative.

*Heard October 22. Decided October 27.*

Error to Hillsdale Circuit.

*L. N. Keating* and *O. A. Janes,* for plaintiff in error.

*James S. Galloway,* for defendant in error.

CAMPBELL, J.

Owen sued plaintiff in error before a justice of the peace in Hillsdale county upon a policy of insurance. The insurance company is a foreign company. The justice issued a short summons, which the sheriff returned served on George W. Hoffman, stated in the return to be agent of the company. The return made no explanation, but the service seems to have been made in another county by the sheriff of Hillsdale.

Upon the return day a special appearance was put in for the purpose of making objections to the jurisdiction.

The first objection was against any right to sue a foreign corporation in this way.

The authority to sue was based by the plaintiff below upon the statute which provides for the appointment of agents of foreign insurance companies doing business in this state, which declares, among other things, that service of process on such agent "shall be taken and held to be as valid as if served upon the company or association according to the laws of this state or any other state," and that "suits may be commenced against any such company or association, in any county of this state, by declaration or process, as in other cases, and such declaration or process may run into and be served upon such agent or attorney in any county of this state where such agent or attorney may be."—*Comp. L. 1871*, § *1683*. Reliance was also had upon § *5296*, which gives jurisdiction to justices in suits against private corporations; and upon § *568*, whereby sheriffs are allowed (except in Wayne county) to *perform* the duties of constables. Our attention has not been called to any statute which authorizes such service in civil cases beyond the bailiwick.

The question of jurisdiction is a serious one, and requires some care in examining the statutes. The constitutional jurisdiction of justices in civil cases being subject to such exceptions and restrictions as may be fixed by law, the extent of authority has been determined by statute.

Under the justice's act of 1855 there was no provision for suits against foreign corporations, unless by attachment. The provisions of law in regard to service of process on the agents of such corporations, which are relied on here, apply only to insurance companies, and date in their present shape from 1859, except as modified in 1873. There is nothing in the justice's act concerning ordinary suits which has any reference to insurance or any other foreign corporations. It is questionable how far it would be practicable to reach them, except by attachment of property, unless by requiring submission to process as a condition of doing business.

That is the way in which foreign insurance companies are reached.

It is a settled rule of law that all exceptional methods of obtaining jurisdiction over persons, natural or artificial, not found within the state, must be confined to the cases and exercised in the way precisely indicated by statute. And the question arises whether our statute concerning insurance agents applies to justice's courts.

It is to be noted, in looking at this statute, that suits against foreign companies are to be brought, "*as in other cases*," in any county, and that the declaration or process may run into any county where the agent may be.    This seems to contemplate that process may, in some instances at least, go from one county into another.    There is no provision in the justice's act for any such service beyond the county, and it is only since 1867 that any officer but a constable could serve process from a justice at all.    These considerations, of course, would not apply to suits where the agent is in the same county.    But the jurisdiction of justices is generally governed somewhat by the residence of persons in townships as well as in counties, and where a local agent represents a foreign company, it would have been natural, if jurisdiction were given to justices, to provide some rule on that subject.    The statute is very precise as to service on domestic corporations.—§ *5297*.

The language used also has some tendency to indicate that such suits were to be brought in courts where a plaintiff had his choice in suing by declaration or process,—an option only existing in circuit courts.    And the fact that suits are commenced before justices by process which must be returned in twelve days from date, and may be in two days, and need never be served more than six days before return, is very significant.    In a multitude of cases a proceeding against a foreign corporation in this summary way would lead to a denial of justice, and we ought not to impute to the legislature an intent to produce such oppressive consequences, if we can avoid it.    These and some other

similar reasons have inclined us to believe that the statute was never designed to apply to any but courts of record· Whatever may have been the case before, we think the statute of 1873 has placed it beyond doubt that no jurisdiction is now possessed by justices.    By that statute it is provided that in all cases service may be made by delivering the proper papers to the commissioner of insurance, who is required to send duplicates to the company where it is located, or to its agents within the state, as may have been determined by the company.—*L. 1873, p. 206.*    There is no exception to this.    It applies to all cases of suits against them.    It is impossible to apply such a provision to any court proceeding on summary process.    It would allow no time to prepare for defense, or even to appear. Whether this statute entirely supersedes the former law on the subject, or whether it is merely additional, we need not now consider.    But it applies to all suits brought after its passage, and makes the service on the commissioner permissible, if not imperative.

We think the justice had no jurisdiction to proceed, and that his judgment should have been reversed on the special appeal.    The judgment of the circuit court must be reversed, with costs, and the proceedings quashed.

The other Justices concurred.