THOMAS S. REATH v. THE WESTERN UNION TELEGRAPH
COMPANY.

*Foreign corporations—Jurisdiction—Costs.*

1. A plaintiff who recovers a judgment for less than $100 against
   a foreign corporation in the circuit court is entitled to costs,
   no statutory method being provided for the service of a
   justice's summons upon such a corporation, and the jurisdiction
   of the circuit court being therefore exclusive.

2. How. Stat. § 6862, which provides that the first process against
   a corporation shall be a summons, which may be served by
   leaving a copy with its president, cashier, or secretary, or other
   principal officer, or at its banking-house or office, applies solely
   to domestic corporations.

3. How. Stat. § 8137, as amended by Act No. 242, Laws of 1887,
   which provides for the commencement of suits against corpo-
   rations by summons or declaration, and for service of such
   process on the presiding officer, cashier, secretary, or treasurer,
   or any other officer or agent, of such corporation, or by leav-
   ing it at its banking house or office, is not designed to reach
   foreign corporations; citing *Watson v. Circuit Judge,* 24 Mich.
   38.

4. How. Stat. §§ 8145, 8146, authorizing and regulating suits against
   foreign corporations, do not apply to justices' courts.

Error to Wayne. (Gartner, J.) Argued November
13, 1891. Decided December 21, 1891.

Case. Plaintiff brings error. Reversed with directions
to enter judgment for costs in favor of plaintiff in the
circuit court. The facts are stated in the opinion.

*James D. May,* for appellant.

*C. A. Kent,* for defendant.

CHAMPLIN, C. J. The only question involved in this
case is, which party should recover a judgment for the
costs of the suit.

The defendant is a foreign corporation, and suit was commenced against it in the circuit court for the county of Wayne in an action of trespass on the case, the plaintiff claiming damages in the sum of $5,000. Upon the trial before a jury the plaintiff recovered a judgment for $25, and thereupon the court, in accordance with the verdict, rendered judgment for the plaintiff and against the defendant in the sum of $25, whereupon the defendant moved the court that costs be taxed in its favor. Plaintiff then and there objected, and claimed the right to tax costs on said verdict. The court denied the plaintiff's right to tax the costs, overruled the objection of the plaintiff, and allowed the defendant to tax costs in its favor, to which allowance of judgment for costs in its favor the plaintiff excepted. The plaintiff contends that justices of the peace had no jurisdiction in this case, the defendant being a foreign corporation, for the reason that no provision of law is made to acquire jurisdiction over the person of the defendant by service of process upon it.

How. Stat. §§ 6861, 6862, read as follows:

"SEC. 6861. All actions against corporations, except municipal corporations, shall be cognizable before a justice of the peace in like manner and with the like restrictions as the same are or may be by law before a justice of the peace when brought against an individual.
"SEC. 6862. The first process against a corporation shall be a summons, and shall be served by leaving a copy thereof with the president, cashier, or secretary, or other principal officer of such corporation, or by leaving such copy at the banking-house or office of such corporation; and, upon return of such service being made, such corporation shall be deemed to be in court, and the like proceedings, as near as may be, shall be thereupon had as in cases of suits between individuals."

This section applies to domestic corporations, and does not include foreign corporations.

.Section 6544, Comp. Laws 1871, in the chapter relative
to proceedings by and against corporations in courts of
law, reads as follows:

"Suits against corporations may be commenced by
original writ of summons or by declaration, in the same
manner that personal actions may be commenced against
individuals, and such writ, or a copy of such declaration,
in any suit against a corporation, may be served on the
presiding officer, the cashier, the secretary, or the treas-
urer thereof; or, if there be no such officer, or none can
be found, such service may be made on such other officer
or member of such corporation, or in such other manner,
as the court in which the suit is brought may direct."

This section was amended in 1877 by Act No. 123.
The same section is brought forward in the compilation
of 1882 in Howell's Statutes, and is known as section
8137. This section was again amended by Act No. 242,
Laws of 1887, and reads as follows:

"Suits against corporations may be commenced by writs
of summons or by declaration, in the same manner that
personal actions may be commenced against individuals,
and such writ, or a copy of such declaration, in any suit
against a corporation, shall be served on the presiding
officer, cashier, secretary, or treasurer, or any other
officer or agent, of such corporation, or by leaving the
same at the banking-house or office of such corporation,
and may be served in any county in the State where
plaintiff resides."

Then follows a proviso, which it is not necessary to
mention, as it has no bearing upon the question under
consideration. The language of this section, as above
quoted, was construed in the case of *Watson v. Wayne
Circuit Judge*, 24 Mich. 38, and it was held that this
section of the statute, providing for service of process on
various named corporation officers, was not designed to
reach foreign corporations; that it could only be made
to do so by interpolating various clauses and qualifica-
tions, which are not in any way referred to in the law,

and which could only be ascertained from decisions from time to time upon peculiar circumstances; that the statute needs no such modification, if confined to our own corporations; and that we must assume that, as to foreign corporations, except as to cases where special provision has been made otherwise, the remedy must be sought as at common law; citing *Newell v. Railway Co.,* 19 Mich. 336.

In *Hartford Fire Ins. Co. v. Owen,* 30 Mich. 441, a suit was instituted before a justice of the peace upon a policy of insurance against a foreign insurance company. Objections were made to the jurisdiction of the justice, and Mr Justice CAMPBELL, in giving the opinion in that case, said:

"Under the justices' act of 1855 there was no provision for suits against foreign corporations, unless by attachment. * * * There is nothing in the justices' act concerning ordinary suits which has any reference to insurance or any other foreign corporations. * * * It is a settled rule of law that all exceptional methods of obtaining jurisdiction over persons, natural or artificial, not found within the State, must be confined to the cases and exercised in the way precisely indicated by statute."

He then proceeded to examine the question whether our statute concerning insurance agents applies to justices' courts, and he held that it did not.

Express provision is made by the statute with reference to certain proceedings against foreign corporations before a justice of the peace in cases of attachment and garnishment, but there is none with reference to proceedings commenced by summons in the ordinary way. Suits against foreign corporations are authorized and regulated by sections 8145 and 8146, How. Stat., but these sections have reference only to suits commenced in the circuit court, and the act does not apply to justices' courts.

It follows as a consequence that, unless the plaintiff

may bring his action in the circuit court in a cause like the one under consideration, he must be without a remedy. We do nòt think the statute should be so construed as to refuse a remedy against a foreign corporation where the debt or damage claimed is less than $100. If the justice had no jurisdiction for the reason that no method is provided for obtaining jurisdiction by service of process, we think that the party is authorized to commence his suit in the circuit court, where there cañ be no question as to the jurisdiction, and where such a jurisdiction must be, of necessity, exclusive of justices' courts; and in such case the plaintiff, on recovering, is entitled to his judgment for the costs, under subdivision 4 of section 8964, How. Stat., as was held in *Gurney v. Mayor*, 11 Mich. 202.

The judgment of the circuit court for the county of Wayne, awarding costs to the defendant, must be reversed, with directions to enter a judgment in favor of the plaintiff for his costs of suit to be taxed.

The other Justices concurred.