## McLEAN *v* PRUDENTIAL INSURANCE CO.

JUSTICES OF THE PEACE — JURISDICTION — FOREIGN INSURANCE COMPANIES.

> 3 Comp. Laws, § 10442, gives justices of the peace jurisdiction against foreign insurance companies where the cause of action accrues within this State.

Error to Wayne; Rohnert and Frazer, JJ.   Submitted April 22, 1902.   (Docket No. 113.)   Decided May 19, 1902.

*Assumpsit* by John A. McLean against the Prudential Insurance Company of America for commissions.   From a judgment for plaintiff on verdict directed by the court, defendant brings error.   Affirmed.

*George H. Prentis*, for appellant.

*Walters, Humphrey & Walters*, for appellee.

HOOKER, C. J.   The plaintiff sued the defendant, a life-insurance company, organized and doing business under the laws of the State of New Jersey, before a justice of the peace.   The process was a summons.   A judgment being rendered in favor of the plaintiff, the defendant took a special appeal to the circuit, where plaintiff again recovered, and defendant brought error.   The record does not show that process was not properly served.   The question

raised by the special appeal was whether, under the law of this State, a justice of the peace has jurisdiction to entertain a suit against a foreign insurance company.

In 1873 the legislature passed an act requiring foreign insurance companies who wished to do business in this State to consent to service of process upon the insurance commissioner. This was not a practice altogether new. 3 Comp. Laws, §§ 10015 to 10021, inclusive. This provision is now in force. In the case of *Hartford Fire-Ins. Co.* v. *Owen*, 30 Mich. 441, the court expressed doubts whether it had ever been intended to confer jurisdiction upon justices of the peace in cases against foreign insurance companies, except in attachment or garnishment, and said that, whatever may have been the intent, the statute of 1873 placed it beyond doubt that no jurisdiction was afterwards possessed by justices. Act No. 155, Laws 1873. In 1881 an act was passed providing for the commencement of actions against nonresident corporations by serving process upon any agent, etc. For this act, as originally passed, see 2 How. Stat. § 8145. In *Reath* v. *Telegraph Co.*, 89 Mich. 22 (50 N. W. 817), it was held that this statute applied only to proceedings in the circuit court. Subsequently this statute was amended in a way which shows an intent to give justices of the peace jurisdiction as to foreign corporations. See 3 Comp. Laws, § 10442. It is now claimed that it was not intended to apply to *foreign insurance companies*, and that they are still governed by the law of 1873, as construed in the case of *Hartford Fire-Ins. Co.* v. *Owen, supra*. The learned circuit judge held otherwise upon the hearing of the special appeal.

We should have no hesitation upon the subject but for a possible inference deducible from the language used in *Hartford Fire-Ins. Co.* v. *Owen, supra*, viz.:

"And the fact that suits are commenced before justices by process which must be returned in twelve days from date, and may be in two days, and need never be served more than six days before return, is very significant. In

a multitude of cases a proceeding against a foreign corporation in this summary way would lead to a denial of justice, and we ought not to impute to the legislature an intent to produce such oppressive consequences, if we can avoid it. These and some other similar reasons have inclined us to believe that the statute was never designed to apply to any but courts of record. Whatever may have been the case before, we think the statute of 1873 has placed it beyond doubt that no jurisdiction is now possessed by justices. By that statute it is provided that in all cases service may be made by delivering the proper papers to the commissioner of insurance, who is required to send duplicates to the company where it is located, or to its agents within the State, as may have been determined by the company. Act No. 155, Laws 1873. There is no exception to this. It applies to all cases of suits against them. It is impossible to apply such a provision to any court proceeding on summary process. It would allow no time to prepare for defense, or even to appear. Whether this statute entirely supersedes the former law on the subject, or whether it is merely additional, we need not now consider. But it applies to all suits brought after its passage, and makes the service on the commissioner permissible, if not imperative."

But this is not necessarily conclusive. The amendment to the act of 1881 was clearly intended to give justices of the peace jurisdiction in cases against foreign corporations generally. The method of service was pointed out, and we see. no obstacles to a suit against a foreign insurance company under this law which do not exist in the case of any other foreign corporation. The act is in terms broad enough to include this, and we are of the opinion that the act of 1873 is not necessarily inconsistent with such a construction. Other questions raised need not be discussed, further than to say that we find no error in them.

The judgment is affirmed.

Moore, Grant, and Montgomery, JJ., concurred. Long, J., did not sit.